UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC S. KIRSCHNER solely in his capacity as TRUSTEE of THE MILLENNIUM LENDER CLAIM TRUST,<br><br>                Plaintiff,<br><br>                -against-<br><br>JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, CITIBANK GLOBAL MARKETS INC., CITIBANK, N.A., BMO CAPITAL MARKETS CORP., BANK OF MONTREAL, SUNTRUST ROBINSON HUMPHREY, INC., and SUNTRUST BANK,<br><br>                Defendants. | Civil Action No.: 17-cv-06334<br><br>Removed from the Supreme Court of the State of New York, New York County<br><br>Index No.: 655124/2017 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, for the reasons stated below, the undersigned defendants (collectively, the "Removing Defendants") hereby remove the above-captioned action (the "Action") from the Supreme Court of the State of New York, New York County (the "State Court"), to the United States District Court for the Southern District of New York.

This removal arises under the Edge Act, 12 U.S.C. §§ 611, *et seq.* The Removing Defendants appear for the purpose of removal only and for no other purpose, and reserve all rights and defenses, including without limitation defenses based on personal jurisdiction and venue. As to grounds for removal, the Removing Defendants state as follows:

### SUMMARY

1. This Court has original jurisdiction over this Action pursuant to the Edge Act, 12 U.S.C. § 611 *et seq.*, because JPMorgan Chase Bank, N.A. and Citibank, N.A. are national banking associations organized under the laws of the United States, and Plaintiff's claims

"aris[e] out of transactions involving international or foreign banking ... or out of other international or foreign financial operations." 12 U.S.C. § 632. Accordingly, "any defendant ... may, at any time before the trial thereof, remove [this Action] from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law." *Id.*

2.  The Removing Defendants reserve the right to supplement or amend this Notice of Removal in the event that additional grounds for removal become clear.

## PROCEDURAL HISTORY AND BACKGROUND

3.  On or about August 1, 2017, Plaintiff Marc S. Kirschner (the "Plaintiff"), filed a Complaint in the State Court under index number 655124/2017 (the "Complaint"). The allegations herein are as set forth in the Complaint filed on August 1, 2017.

4.  In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process, pleadings, and orders served upon Defendants or otherwise filed in State Court in the Action.

5.  The Plaintiff is the Trustee of the Millennium Lender Claim Trust (the "Lender Claim Trust"), which was established on December 21, 2015 during the bankruptcy proceedings of Millennium Health LLC f/k/a Millennium Laboratories LLC ("Millennium" or the "Company"). The Lender Claim Trust was vested with claims held by approximately 400 lenders (the "Lenders") to the Company under a Credit Agreement dated as of April 16, 2014 (the "Credit Agreement"). Many of the Lenders are foreign entities.

6.  Plaintiff generally alleges that the Removing Defendants made material misrepresentations or omissions related to their offer and sale of debt obligations of Millennium to the Lenders, and asserts claims under certain state securities statutes, whose applicability to the bank loans at issue the Removing Defendants dispute. Plaintiff also purports to assert

common-law claims for negligent misrepresentation, breach of fiduciary duty, breaches of contract, and breach of the implied contractual duty of good faith.  The Removing Defendants dispute that they have any liability whatsoever to Plaintiff.

7. Under Section 10.12 of the Credit Agreement, the Lenders agreed to submit to the exclusive jurisdiction of certain courts, including the courts of the United States for the Southern District of New York.

8. No motions or other proceedings in this Action are pending in the State Court.

9. Removal of this Action is timely pursuant to 28 U.S.C. § 1446(b) because it is being effected within 30 days of the Removing Defendants receiving copies of the initial pleading.  In addition, the Edge Act permits removal "at any time before the trial."  12 U.S.C. § 632.

10. Venue is proper in this Court for removal purposes because this Court is "the district court of the United States for the district and division within which [this] action is pending."  28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 112(b).

## REMOVAL BASED ON THE EDGE ACT

11. This Court has original jurisdiction over this Action based on the Edge Act, 12 U.S.C. §§ 611, *et seq*.  The Edge Act creates an independent basis for original federal jurisdiction when a party to a civil action is a federally chartered corporation and the action arises out of transactions involving international or foreign banking or other international or foreign financial transactions. The Edge Act was "meant to give a federal forum to nationally chartered banks." *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 795 (2d Cir. 1980); *see also Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 778-79 (2d Cir. 2013) (discussing history and purpose of Edge Act jurisdiction).

12. The Edge Act provides, in relevant part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking ... or out of other international or foreign financial operations ... shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits.

12 U.S.C. § 632.  This Action meets the requirements for federal jurisdiction set forth in this provision.

13. This Action plainly is a "suit of a civil nature at common law or in equity" as required by the Edge Act.

14. JPMorgan Chase Bank, N.A. is a national banking association chartered under federal law and is therefore a "corporation organized under the laws of the United States." Defendant Citibank, N.A. is also a national banking association chartered under federal law. *See, e.g.*, *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 94 (S.D.N.Y. 1989) ("'N.A.' ... is a common abbreviation among federally chartered banks for 'National Association.'").

15. "A suit satisfies the jurisdictional prerequisites of Section 632 if *any part of it* arises out of transactions involving international or foreign banking." *Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005) (citation and internal quotation marks omitted) (emphasis in original).  Thus, federal courts "routinely" exercise jurisdiction pursuant to Section 632 "in cases based on state law causes of action and containing only an incidental connection to banking law," and even if "the international or foreign banking activity [is] not central to the case." *In re Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. 333, 340 (S.D.N.Y. 1996). Application of the Edge Act "is not limited to the original two parties to a banking transaction," *Conjugal Soc. Composed of Juvenal Rosa v. Chicago Title Ins. Co.*, 690 F.2d 1, 4 (1st Cir. 1982), and it supplies federal jurisdiction regardless of whether any foreign person is named as a party.

4

*See, e.g.*, *Contitrade Serv. Corp. v. Eddie Bauer, Inc.*, 794 F. Supp. 514 (S.D.N.Y. 1992) (finding Edge Act jurisdiction in between domestic parties regarding letter of credit that benefitted foreign party); *In re Lloyd's*, 928 F. Supp. at 340 (collecting cases).

16.     "Courts have interpreted the term banking transaction to encompass traditional banking activities." *Highland Crusader Offshore Partners, L.P. v. LifeCare Holdings, Inc.*, 627 F. Supp. 2d 730, 735 (N.D. Tex. 2008); *see Lemgruber*, 385 F. Supp. at 215 (noting that wire transfers, management of deposits, and investment advice underlying tort claims constituted "banking activities" for Edge Act jurisdiction) (citing *Warter v. Boston Securities, S.A.*, No. 03-81026-CIV, 2004 WL 691787, at *7-8 (S.D. Fla. Mar. 22, 2004)). The making and sale of loans qualifies as a traditional banking activity for the purpose of Edge Act jurisdiction. *See* 12 U.S.C. § 24(7) (authorizing national banks to "carry on the business of banking[] by discounting and negotiating promissory notes … and other evidences of debt"); Office of the Comptroller of the Currency, LOAN PARTICIPATIONS, 1998 WL 161494, at *1 (April 1998) ("The purchase and sale of loans and participations in loans are established banking practices."); *see also Nacional Financiera S.N.C. v. Chase Manhattan Bank, N.A.*, No. 00 CIV 1571 JSM, 2001 WL 327159, at *3 (S.D.N.Y. Apr. 4, 2001) (noting that "loan agreements" are a traditional banking activity conferring Edge Act jurisdiction); *Pinto v. Bank One Corp.*, No. 02 Civ. 8477 NRB, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) (classifying the making of loans and related transactions as traditional banking activity under the Edge Act).

17.     Furthermore, even if a case does not involve banking transactions, jurisdiction under the Edge Act is still proper if the case involves "international financial operation[s]." *Lemgruber*, 385 F. Supp. 2d at 215 n.13; *see also Salix Capital U.S. Inc. v. Banc of Am. Sec. LLC*, No. 13 Civ. 4018, 2013 WL 6847064, at *8 (S.D.N.Y. Dec. 30, 2013) (finding that "the

5

operations prong [is] a broad, catch-all provision intended to cover conduct beyond mere banking transactions"); *In re Lloyd's*, 928 F. Supp. at 341 (finding that "[e]ven if the transactions in question here do not constitute banking proper ... they surely fall within the ambit of the 'financial operations' contemplated by the statute").

18. The Complaint seeks to impose liability on JPMorgan Chase Bank, N.A. and Citibank, N.A. on the basis of banking transactions with Lenders identified on a schedule annexed to the November 10, 2015 Disclosure Statement filed in the Company's bankruptcy (attached hereto as Exhibit B). A schedule specifying the domicile of each of the Lenders, prepared by counsel for the Removing Defendants, is attached hereto as Exhibit C. As this exhibit demonstrates, approximately 200 of the Lenders are domiciled outside the United States (the "Foreign Lenders") in countries as wide ranging as Australia, Bermuda, Canada, the Cayman Islands, France, Ireland, Luxembourg, Switzerland, the United Kingdom, and the British Virgin Islands.

19. The Complaint alleges, *inter alia*, that the Foreign Lenders extended credit to Millennium under the Credit Agreement by entering into Assignment and Assumption Agreements with JPMorgan Chase Bank, N.A., and that JPMorgan Chase Bank, N.A. and Citibank, N.A. are liable to the Foreign Lenders as a result of these transactions. Because the Complaint brings claims against JPMorgan Chase Bank, N.A. and Citibank, N.A. that arise from the Foreign Lenders' involvement in these syndicated loan transactions, the case "aris[es] out of transactions involving international or foreign banking ... or out of other international or foreign financial operations," and federal jurisdiction exists under the Edge Act. 12 U.S.C. § 632.

20. The Bank of Montreal, a Canadian entity, is also a defendant in this action and is alleged to have participated in the transactions at issue, which presents an independent basis for Edge Act jurisdiction.

21. As a result of the foregoing, federal jurisdiction exists under the Edge Act. This Action arises out of transactions involving international or foreign banking. 12 U.S.C. § 632.

## OTHER PROCEDURAL REQUIREMENTS

22. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the Removing Defendants will file with this Court a Certificate of Service of this Notice of Removal on the adverse parties.

23. Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, and serve all parties with a copy of this Notice of Removal.

24. While consent to removal by all Defendants is not required under the Edge Act—*see* 12 U.S.C. § 632 (providing that "any defendant" may remove the suit)—all Defendants named in this action join in this Notice of Removal.

25. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

26. By filing this Notice of Removal, the Removing Defendants do not waive any defenses that may be available to any of them (including without limitation any defenses relating to jurisdiction) and do not concede that the allegations in the Complaint state a valid claim under any applicable law.

27. The Removing Defendants reserve the right to submit at an appropriate time factual support, evidence, and affidavits to support the foregoing bases for federal jurisdiction, should that become necessary.

28. The Removing Defendants reserve the right to supplement or amend the foregoing Notice of Removal to add other bases for federal jurisdiction that become apparent as a result of any amended complaint filed by Plaintiff in this Action.

*   *   *

WHEREFORE, the Removing Defendants hereby remove this Action from the Supreme Court of the State of New York, County of New York, to this Court.

DATED: August 21, 2017

_(signature)_

Mary Beth Forshaw (mforshaw@stblaw.com)
William T. Russell, Jr. (wrussell@stblaw.com)
Isaac M. Rethy (irethy@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: 212-455-2000

*Attorneys for Defendants JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC*

_____
Michael Luskin (luskin@lsellp.com)
LUSKIN, STERN & EISLER LLP
11 Times Square
New York, New York 10036
Telephone: 212-597-8200

*Attorney for Defendants Citibank, N.A.
and Citigroup Global Markets Inc. s/h/a
Citibank Global Markets Inc.*

_____
Steve M. Dollar
(steve.dollar@nortonrosefulbright.com)
David B. Schwartz
(david.schwartz@nortonrosefulbright.com)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: 212-318-3000
Facsimile: 212-318-3400

*Attorney for Defendants Bank of Montreal
and BMO Capital Markets Corp.*

_____
J. Emmett Murphy (jemurphy@kslaw.com)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: 212-556-2191

*Attorneys for Defendants SunTrust Bank
and SunTrust Robinson Humphrey, Inc.*