# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

June 12, 2018

*VIA ECF AND COURTESY COPY VIA FAX*

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 705
New York, NY 10007

Re: *Kirschner v. J.P. Morgan Chase Bank, N.A.*, Case No. 17-Civ.-06334 (PGG) (HBP)

Dear Judge Gardephe:

We represent Plaintiff in the above matter.  This is to request relief from Paragraph 6 of the parties' court-ordered stipulation filed September 19, 2017 [ECF 23] (the "Stipulation"), which adjourned the initial pre-trial conference pursuant to Fed. R. Civ. P. 16 pending resolution of Plaintiff's remand motion, and to ask the Court to set a date for such a conference as soon as is convenient to Your Honor.  Defendants oppose Plaintiff's request.

Plaintiff is trustee of a litigation trust formed in the bankruptcy of a drug testing laboratory, Millennium Health LLC ("Millennium" or the "Company").  The beneficiaries of the trust are mutual funds and other institutional investors that bought $1.775 billion of Millennium notes (the "Investors").  Defendants are broker-dealers and affiliates who underwrote the note offering and marketed it to the investment decision-makers for the Investors (the "2014 Transaction").  The complaint alleges that Defendants knew or should have known that Millennium was operating illegally under federal and state health care laws and, in connection with the 2014 Transaction, misrepresented to Investors the Company's compliance with those laws, the absence of material litigation, and the lack of exposure to fines, penalties and sanctions in a then-pending DOJ Investigation and related civil lawsuits.  Plaintiff asserts causes of action under various state blue sky laws, as well as common law claims including breach of contract and negligent misrepresentation.

Plaintiff filed its complaint on August 1, 2017 in the Commercial Division for New York State Supreme Court, New York County.  Defendants removed the action to this Court on August 21, 2017.  [ECF 7].  Plaintiff moved to remand on October 4, 2017 [ECF 26-1 to 26-11], and the motion has been fully briefed since the filing of Plaintiff's reply on November 22, 2017 [ECF 28].  Pursuant to Your Honor's Individual Rules, on February 21, 2018, we notified your chambers that the remand motion had been neither decided nor scheduled for oral argument in the intervening 90

days. [ECF 30]. By May 21, 2018, an additional 90 days had passed. To aid in the prompt prosecution of this matter, Plaintiff seeks relief from the September 19, 2017 Stipulation and order adjourning the Rule 16 conference until after the Court's ruling on the remand motion.

Defendants have stated that they will move to dismiss at least a portion of Plaintiff's complaint. *See* Defs.' Mem. of Law in Opp'n to Pl.'s Remand Mot. at 5 n.2 [ECF 27]. There is, however, no automatic stay in this case (nor would Defendants be entitled to one in state court) and it is respectfully submitted that discovery has been stayed by agreement long enough. Accordingly, for the reasons below, we request that the Court schedule a Rule 16 conference in the very near future so that the parties may prepare a discovery plan under Rule 26(f) that would be useful regardless of the forum in which further proceedings are conducted.

First, some of the same Defendants herein (or their affiliates) and another Millennium litigation trust for which Plaintiff Kirschner is trustee – the Millennium Corporate Claim Trust – are presently engaged in discovery planning in an adversary proceeding in the Delaware Bankruptcy Court, captioned *Marc S. Kirschner solely in his capacity as Trustee of the Millennium Corporate Claim Trust v. J.P. Morgan Chase Bank, N.A, et al.,* Ad. Proc. No. 17-51840 (LSS) (Bankr. D. Del.) (the "Delaware Action"). Both actions concern the 2014 Transaction. The Delaware Action seeks to recover solely the $35 million that was fraudulently conveyed to the defendant banks by Millennium in underwriting fees, while this action seeks recovery of the $1.775 billion in principal lost by the Investors. A motion to dismiss is pending in the Delaware Action; nevertheless, the Bankruptcy Court has issued a Rule 16(b) order that requires the parties to develop a plan for the exchange of electronically-stored information ("ESI") and to identify any points of disagreement for the court so that the parties are ready when the court rules on the pending dismissal motion. *See* Delaware Action, Scheduling Order at ¶¶ 3-5 [ECF 28].

Second, Defendants have refused to coordinate the discovery planning on ESI in the Delaware Action with similar planning in this action, citing the lack of a Rule 16(b) conference order herein. They have also cited the disproportionality of the damages available in Delaware (1/50th of that here) as a basis to curtail their discovery obligations in that Delaware Action. Defendants' positions are extremely wasteful because the two cases have significant factual overlaps. Plaintiff believes that a Rule 16 conference in this case (and the preceding activity required by Rule 26(f)) will allow for efficient planning of discovery across the two cases and that this efficiency should not be sacrificed merely because of a stipulation eight months ago temporarily staying discovery while the remand motion is being decided.

Third, Rule 1 requires that the parties work in earnest to "secure the just, speedy and inexpensive determination of every action and proceeding" regardless of the forum where it may ultimately be decided. To this end, Rule 16(b) provides for the entry of a scheduling order no later than 90 days after service of the complaint or 60 days after the first defendant's appearance unless the court has found good cause for delay. Rule 16 does not exempt cases subject to remand motions from its requirements, and in light of the discovery negotiations in the Delaware Action and the passage of time since the close of briefing on the remand motion herein, there is no good cause for delay. Courts deciding remand motions have routinely allowed discovery during the pendency of a remand motion where the discovery would have value in either the federal or state forum. *See, e.g., Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12-cv-

2

5557(JPO), 2013 WL 1234958, at *5 (S.D.N.Y. Mar. 26, 2013) ("[M]erely engaging in offensive or defensive litigation (such as limited discovery) . . . does not forfeit the right to a remand."); *Manas y Pineiro v. Chase Manhattan Bank, N.A.*, 443 F. Supp. 418, 421-22 (S.D.N.Y. 1978) (granting plaintiff's motion for remand where "discovery had by the parties subsequent to removal . . . could have been obtained in state court anyway" and holding "there is no fundamental unfairness in sending both parties back into state court somewhat better prepared for a trial than they might have been had they been limited by state rules during the discovery phase of their litigation."). *A fortiori*, engaging in discovery planning and other case management issues in this case is warranted at this juncture. In short, there is much productive work that can and should be done in this case and, as noted at the outset, Defendants' threatened motion to dismiss in either this court or the state court after remand is not a valid excuse to avoid that work.

Accordingly, Plaintiff respectfully requests that the Court (i) rescind Paragraph 6 of the Stipulation and order, which adjourned the Rule 16 conference pending the resolution of the remand motion, and (ii) order the attorneys for all parties to appear for an initial pre-trial conference pursuant to Rule 16(a) at the earliest practicable date for the Court. A courtesy copy of this document, as filed, will be sent to your chambers via facsimile.

Respectfully submitted,

Lyndon M. Tretter

Cc:    All counsel of record via ECF