UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC S. KIRSCHNER,

                Plaintiff,

against

J.P. MORGAN CHASE BANK, N.A., et al.,

                Defendants.

CIVIL ACTION NO.: 17 Civ. 6334 (PGG) (SLC)

**ORDER DENYING STAY OF DISCOVERY PENDING MOTION TO DISMISS AND SCHEDULING CASE MANAGEMENT CONFERENCE**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Defendants' request that, pending the District Court's decisions on their pending motion to dismiss,[1] "discovery in this action remain limited to the discovery taking place" in Kirschner v. JP Morgan Chase Bank, N.A., 17-51840-LSS (Bankr. D. Del.) (the "Delaware Action"). (ECF No. 94 at 3). In response, Plaintiff has proposed a protocol in which document discovery in this action "catches up" with the Delaware Action to permit party and non-party witnesses to proceed and to occur once in both actions. (Id. at 1). The Court construes Defendants' request as a request to stay discovery during the pendency of the motion to dismiss, and denies the motion for the reasons set forth below.

    I.    **Background**

Plaintiff is the trustee of a post-bankruptcy litigation trust, the beneficiaries of which purchased from Defendants debt instruments of a drug-testing company, Millennium Laboratories LLC, that were issued as part of an April 2014 $1.775 billion syndicated leveraged

---
[1] ECF No. 76.

loan transaction. (ECF No. 94 at 1; see ECF No. 38 at 1–2). In November 2015, 19 months after the transaction closed, Millennium filed a bankruptcy petition. (ECF No. 38 at 2). The bankruptcy plan issued by the Bankruptcy Court created the trust on whose behalf Plaintiff brings claims against Defendants. (Id.)

In the Delaware Action, the trust is suing on behalf of Millennium to recover as fraudulent conveyances $35 million in fees the Defendants (or their affiliates) received for underwriting the transaction. (ECF No. 94 at 1–2).

On August 1, 2017, Plaintiff filed in New York State Supreme Court a complaint alleging against violations of several states' securities laws, as well as claims for negligent misrepresentation, breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing. (ECF No. 38 at 1). On August 21, 2017, Defendants removed the action to this Court, asserting as a basis for federal jurisdiction the Edge Act, 12 U.S.C. § 632. (ECF No. 1). On September 24, 2018, the District Court denied Plaintiff's motion to remand the action to New York State Supreme Court. (ECF No. 38).

On April 4, 2019, the District Court held a preliminary conference to discuss a briefing schedule for Defendants' anticipated motions to dismiss and coordination of discovery with the Delaware Action. (ECF No. 57). During the conference, the District Court expressed its "preliminary view" that "it is unlikely that the motion to dismiss will be granted in its entirety," and directed that discovery in this action "proceed in tandem with the Delaware [Action]." (Id. at 5:6–9). The District Court noted that the overlap between the parties in the two actions and the fact that discovery was occurring in the Delaware Action "argues even more so to allow discovery proceed." (Id. at 6:11–16). The threshold question raised in Defendants' motion to

2

dismiss is whether a syndicated term loan is a security; if it is not, Defendants contend that Plaintiff's securities law claims must be dismissed. (Id. at 6:20–24; ECF No. 94 at 2).

Following the conference, although a formal discovery schedule was not entered, Defendants agreed that documents produced in the Delaware Action should also be produced in this action, and to date, have produced to Plaintiff over 87,000 documents from 35 custodians. (ECF No. 94 at 3). Pursuant to Bankruptcy Rule 2004, Plaintiff also received pre-complaint discovery that has been deemed to have been produced in this action. (Id.)

The parties in the Delaware Action now appear poised to begin depositions. (See ECF No. 94). Plaintiff argues that, to avoid deposing the same witnesses twice, it needs documents relating to "(i) Millennium from custodians that were not searched for by the Delaware Defendants, and search terms that were not utilized by defendants . . .", and (ii) Defendants' leveraged loan and high-yield businesses generally." (ECF No. 94 at 2). In response, Defendants argue that discovery in this action should "remain limited to the discovery taking place in the Delaware Action" unless and until the District Court denies Defendants' motion to dismiss. (Id. at 3).

On January 10, 2020, this Court held a telephone conference with the parties regarding their respective positions on the continuation of discovery. (See ECF No. 95).

II. **Discussion**

A. **Legal Standard**

"A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Courts do not routinely stay discovery

"simply on the basis that a motion to dismiss has been filed." Moran v. Flaherty, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992); Mirra v. Jordan, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.") (internal citation omitted). On a showing of good cause, a district court "has considerable discretion to stay discovery" pursuant to Federal Rule of Civil Procedure 26(c). Integrated Sys. & Power, Inc. v. Honeywell Int'l Inc., No. 9 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); accord Shulman v. Becker & Poliakoff, LLP, No. 17 Civ. 9330 (VM) (JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018); Rep. of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); In re: Platinum & Palladium Commodities Litig., No. 10 Civ. 3617 (WHP), 2010 WL 11578945, at *1 (S.D.N.Y. Nov. 30, 2010). Courts look to three factors in determining whether good cause exists to stay discovery pending a motion to dismiss: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." Guiffre v. Maxwell, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016).

**B.  Application**

**1.  Strength of motion to dismiss**

In analyzing the strength of the Defendants' motion to dismiss, the Court looks to whether their motions raise "substantial arguments for dismissal" comparable to the standard used for a stay in other contexts, i.e., that their arguments are likely to succeed on the merits. See Hong Leong Fin., 297 F.R.D. at 72–73.

First, although this Court will not predict the outcome of the motion to dismiss, here the District Court has already noted its "preliminary view" that it was "unlikely" the motion would be granted in its "entirety." (ECF No. 57 at 5:6–7; 6:2–10). In addition, the Court takes notice of authorities cited by Plaintiff holding that "[w]hether an instrument constitutes a 'security' under state or federal law is a fact intensive question and generally 'not appropriately resolved on a motion to dismiss.'" (ECF No. 94 at 2 (quoting S.E.C. v. Rorech, 673 F. Supp. 2d 217, 225 (S.D.N.Y. 2009)). This Court has reviewed the motions to dismiss, and finds that, while the arguments raised are by no means frivolous, in light of the District Court's expressed "preliminary view," this factor weighs against granting a stay of discovery.

Second, although Defendants are correct that their argument that the syndicated term loan was not a security is a "critical threshold legal issue[]," (ECF No. 6:20–21), that is a threshold question only with respect to the state securities law claims. (ECF No. 94 at 2). Plaintiff has asserted five other common law causes of action for which that question is not necessarily determinative. (ECF No. 1-1 at 57–63). Therefore, even if Defendants succeed on the merits of their argument that the syndicated term loan is not a security, it would not dispose of all of Plaintiff's claims. See Boelter v. Hearst Comm'ns, Inc., No. 15 Civ. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting stay where success on each argument raised in motion to dismiss could result in dismissal of entire complaint).

**2.     Breadth of discovery and burden of responding**

The parties in large part agree that the claims in this action will require additional discovery (compare ECF No. 94 at 2 (listing two categories of documents Plaintiff is presently seeking) with id. at 3 ("Defendants do not dispute that some additional discovery may be

5

appropriate in this action"); they differ on whether now is the appropriate time to proceed with that discovery. Defendants' argument opposing the two categories of documents Plaintiff is seeking in order to begin depositions are largely conclusory, and neither "explains how extensive the responses to the plaintiff's document requests might be nor provides any example of the extent of the anticipated responses to the plaintiff['s] document requests." Mirra, 2016 WL 889559, at *2. Defendants point to only one of Plaintiff's requests, which does ask for documents over a five-year time span (see ECF No. 94 at 3), but do not explain why this request is overbroad, irrelevant to Plaintiff's claims, or unduly burdensome. This single example "does not reach such a wide-breadth that good cause for a stay exists." Guiffre, 2016 WL 254932, at *2. There is no reason that any objections to individual requests cannot be dealt with through the meet-and-confer process, and, if necessary, a conference with the Court. Accordingly, the Court finds that this factor also weighs against a stay at this time.

### 3. <u>Unfair prejudice to Plaintiff</u>

During the conference with the Court, Plaintiff argued persuasively that it would be prejudiced by the passage of time and by having to deploy the trust's resources to conduct depositions of the same witness more than once. Defendant contended that the burden of duplicative depositions would largely fall on the Defendants' witnesses, a burden they were prepared to shoulder. But the Court's inquiry necessarily does not include the burden on the defendants. See Hong Leong Fin., 297 F.R.D. at 75 (where "defendants are apparently content to bear the risk of this prejudice, it does not factor into the Court's analysis). Although Plaintiff does not bear a burden of persuasion on this motion, see Mirra, 2016 WL 889559, at *3, the Court finds that the combination of the risk of witnesses' memories further fading with time as

6

well as the unnecessary depletion of the trust's resources as a result of deposing witnesses more than once weigh against a further stay of discovery.

   III.   **Conclusion**

For the reasons set forth above, the Court finds that a further stay of discovery is not warranted, and that discovery should continue, as it has been, in coordination with the Delaware Action. Accordingly, this action having been referred to this Court for general pretrial supervision, a case management conference will be held on **Tuesday, February 25, 2020 at 10:00 am**, in Courtroom 18A, 500 Pearl Street, New York, New York. It is further ORDERED that counsel shall meet and confer in accordance with Fed. R. Civ. P. 26(f) no later than **21 days before** the Case Management Conference. No later than **one week (seven (7) calendar days) before** the conference, the parties shall file a Report of Rule 26(f) Meeting and Proposed Case Management Plan, via ECF, signed by counsel for each party. A template is available at https://www.nysd.uscourts.gov/hon-sarah-l-cave.

To the extent the parties are in disagreement about any portion of the Proposed Case Management Plan, they may set forth their respective proposals for the disputed provision, <u>without argument</u>.

Dated:   New York, New York
         January 15, 2020

                                        SO ORDERED

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**