UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC S. KIRSCHNER solely in his capacity as TRUSTEE of THE MILLENNIUM LENDER CLAIM TRUST,<br><br>Plaintiff,<br><br>- against -<br><br>JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CITIBANK, N.A., BMO CAPITAL MARKETS CORP., BANK OF MONTREAL, SUNTRUST ROBINSON HUMPHREY, INC., and SUNTRUST BANK,<br><br>Defendants. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>No. 17 Civ. 06334 (PGG) (SLC) |

SARAH L. CAVE, United States Magistrate Judge:

This Stipulated Confidentiality Agreement and Protective Order (the "Order") is entered into by and between (i) Marc S. Kirschner, in his capacity as Trustee of the Millennium Lender Claim Trust (the "Lender Trustee"); (ii) JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC (together, "JPMC"); (iii) Citigroup Global Markets Inc. and Citibank, N.A. (together, "Citi"); (iv) SunTrust Robinson Humphrey, Inc. and SunTrust Bank (together, "SunTrust"); and (v) Bank of Montreal and BMO Capital Markets Corp. (together, "BMO"). Together, the Lender Trustee, JPMC, Citi, SunTrust, and BMO are the "Parties," and individually, each a "Party."

The Parties have sought or may seek certain "Discovery Material" (as defined below") from one another with respect to this action (the "Action") through requests for documents, interrogatories, depositions, subpoenas and other discovery requests (collectively, the "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Courts of the Southern and Eastern Districts of New York (the

1

"Local Rules"), and the Individual Practices of this Court as applicable (together, the "Rules").

There are or may be certain persons or entities other than the Parties hereto ("Non-Parties") that may also be served with Discovery Requests in connection with this Action.

The Parties request that this Court issue this Order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and competitively sensitive information that the Parties and Non-Parties may need to disclose in connection with discovery in this Action.

WHEREAS, the Parties, through counsel, agree to the following terms; and WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this Action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this Action (including their respective corporate affiliates, successors, and assigns), their representatives, agents, experts and consultants, all Non-Parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. Access to Discovery Material shall not be provided to individuals or entities that are not Parties to this Action or the action pending before U.S. Bankruptcy Judge Laurie S. Silverstein in the United States Bankruptcy Court for the District of Delaware, *Kirschner v. J.P. Morgan Chase Bank, N.A.*, Adv. Pro. No. 17-51840 (LSS) (Del. Bankr.) (the "Delaware Action") except as expressly provided herein.

2. All deadlines stated herein shall be computed pursuant to the Rules.

3. This Order applies to all "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this Action) produced pursuant to this Order

in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced (including documents, information, and things produced to a Receiving Party for inspection, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

4. This Order applies to all Non-Parties that are served with subpoenas in connection with this Action or who otherwise produce documents or are noticed for depositions with respect to this Action. All such Non-Parties are entitled to the protections afforded hereby and subject to the obligations herein upon signing the Non-Disclosure Agreement in the form attached hereto as an Exhibit and agreeing to be bound by the terms of this Order.

5. Any Party or its counsel serving a subpoena upon a Non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the Non-Party recipient of such subpoena that he, she or it may designate documents or testimony in this Action produced pursuant to such subpoena according to the provisions herein. Except as set forth in paragraph 13, a Non-Party shall not have access to Confidential Discovery Material produced by the Parties or other Non-Parties to this Action.

6. With respect to Discovery Material that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

7. The Party or Non-Party producing or disclosing Discovery Material (each a "Producing Party") to any other Party (each a "Receiving Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information proprietary to the Producing Party (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company other than prepetition Millennium Laboratories LLC, its corporate affiliates, successors, and assigns;

(c) previously non-disclosed business plans, product development information, or marketing plans proprietary to the Producing Party;

(d) any information of a personal or intimate nature regarding any individual; or

(e) any other category of information this Court subsequently affords confidential status.

8. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

9. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material ("<u>Designated Material</u>") either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the

Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

10. If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Confidentiality Order.  The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated In connection with any request for relief concerning the propriety of a "Confidential" designation, the Producing Party shall bear the burden of proof.

11. If at any time before the trial of this Action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing.  Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

12. Inadvertent production of any Discovery Materials which a Party later claims in good faith should not have been produced because of a privilege including but not limited to the attorney-client privilege or work product doctrine ("<u>Inadvertently Produced Privileged Information</u>") will not by itself constitute a waiver of any applicable privilege.  If a document containing privileged information or attorney work product has been inadvertently produced, the Producing Party shall request the return or destruction of such Inadvertently Produced Privileged Information within a reasonable period of time after the Producing Party discovers that it has

produced such Information by providing written notice and the basis for a requested designation of privilege to the Receiving Party. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this Order, the Receiving Party shall immediately take commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take commercially reasonable steps to return or destroy any work product that incorporates the Inadvertently Produced Privileged Information if the Requesting Party agrees with the Producing Party's designation. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis in writing within ten days of receipt of the Producing Party's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court regarding whether the privilege applies. The Parties shall preserve and may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved.

13. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. The Parties have entered a Joint Stipulation of Order Regarding Non-Waiver of Privilege pursuant to Federal Rule of Evidence 502 in the Delaware Action relating to document production made there by Marc S. Kirschner, as Trustee of the Millennium Corporate Claim Trust. The Parties have entered into a similar stipulation relating to document production in this Action by Marc S. Kirschner, as Trustee of the Millennium Lender Claim Trust.

14. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this Action and the Delaware Action, their insurers, counsel to their insurers, and the members of the Advisory Boards of the Trust for which Plaintiff is the Trustee in this Action and the Delaware Action;

(b) in-house attorneys for each Party to this Action and the Delaware Action;

(c) counsel retained specifically for this Action or the Delaware Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter or the Delaware Action;

(e) any mediator or arbitrator that the Parties engage in this matter, the Delaware Action or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action or the Delaware Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action or the Delaware Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i) stenographers engaged to transcribe depositions of the Parties conduct in this Action or the Delaware Action; and

(j) this Court and the Court in the Delaware Action, including any appellate court, its support personnel, and court reporters.

15. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 14(e), 14(g), or 14(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must

retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

16. Any party filing documents under seal shall make a motion or obtain permission to do so in accordance with Section II (Sealing Requests) of the Individual Rules of Practice of Judge Paul G. Gardephe, which incorporate the Court's Standing Order, 19-mc-00583, and ECF Rules & Instructions, Section 6.

17. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

18. Any Party who objects to any designation of confidentiality may at any time before the trial of this Action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph II(C) of Magistrate Judge Cave's Individual Practices.

19. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this Action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Paragraph II(C) of Magistrate Judge Cave's Individual Practices.

20. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this Action and any appeals thereto and/or the

prosecution and defense of the Delaware Action, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action.

21. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

22. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23. Within 60 days of the final disposition of this Action and the Delaware Action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain

an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

24. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

25. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED this 23th day of March 2020.

| | |
|---|---|
| /s/ Lyndon M. Tretter<br>David H. Wollmuth<br>Lyndon M. Tretter<br>Jeffrey Coviello<br>WOLLMUTH MAHER & DEUTSCH LLP<br>500 Fifth Avenue, 12th Floor<br>New York, New York 10110<br>Tel:   (212) 382-3300<br>Fax:   (212) 382-0050<br>Email: dwollmuth@wmd-law.com<br>ltretter@wmd-law.com<br>jcoviello@wmd-law.com<br><br>*Attorneys for Plaintiff Marc S. Kirschner, solely in his capacity as Trustee of the Millennium Lender Claim Trust* | /s/ Christopher M. Viapiano (with permission)<br>Christopher Michael Viapiano<br>Elizabeth A. Cassady<br>SULLIVAN & CROMWELL LLP<br>1700 New York Avenue, N.W., Suite 700<br>Washington, D.C. 20006-5215<br>Tel:   (202) 956-7500<br>Fax:   (202) 293-6330<br>Email: viapianoc@sullcrom.com<br>cassadye@sullcrom.com<br><br>-and-<br>Ann-Elizabeth Ostrager<br>Mark A. Popovsky<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004-2498<br>Tel:   (212) 558-4000<br>Fax:   (212) 558-3588<br>Email: ostragerae@sullcrom.com<br>popovskym@sullcrom.com<br><br>*Attorneys for JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC* |
| /s/ Lara Samet Buchwald (with permission)<br>Benjamin S. Kaminetzky<br>Lara Samet Buchwald<br>Tina Hwa Joe<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br><br>Tel:   (212) 450-4000<br>Fax:   (212) 701-5351<br>Email: ben.kaminetzky@davispolk.com<br>lara.buchwald@davispolk.com<br>tina.joe@davispolk.com<br><br>*Attorneys for Citibank, N.A. and Citigroup Global Markets Inc.* | /s/ David B. Schwartz (with permission)<br>Steve M. Dollar<br>David B. Schwartz<br>Norton Rose Fulbright US LLP<br>1301 Avenue of the Americas<br>New York, New York 10019-6022<br>Tel:   (212) 318-3000<br>Fax:   (212) 318-3400<br>Email: steve.dollar@nortonrosefulbright.com<br>david.schwartz@nortonrosefulbright.com<br><br>*Attorneys for Bank of Montreal and BMO Capital Markets Corp.* |

/s/ Paige Nobles (with permission)
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2191
Fax: (212) 556-2222
Email: jemurphy@kslaw.com
         -and-
John C. Toro (admitted pro hac vice)
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30033
Tel: (404) 572-2806
Fax: (404) 572-5100
Email: jtoro@kslaw.com

*Attorneys for SunTrust Bank and
SunTrust Robinson Humphrey, Inc.*


SO ORDERED.

Dated: March 24, 2020

_____
SARAH L. CAVE
United States Magistrate Judge