UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC S. KIRSCHNER solely in his capacity as TRUSTEE of THE MILLENNIUM LENDER CLAIM TRUST, <br><br> Plaintiff, <br><br> -against- <br><br> JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CITIBANK, N.A., BMO CAPITAL MARKETS CORP., BANK OF MONTREAL, SUNTRUST ROBINSON HUMPHREY, INC., and SUNTRUST BANK, <br><br> Defendants | No. 17-cv-06334 (PGG) (SLC) |

**JOINT STIPULATION AND ORDER REGARDING
<u>NON-WAIVER OF PRIVILEGE</u>**

This *Joint Stipulation and Order Regarding Non-Waiver of Privilege*, dated as of March 23, 2020 is entered into by and between Marc S. Kirschner, solely in his capacity as Trustee of the Millennium Lender Claim Trust ("<u>Plaintiff</u>"), and JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, Citigroup Global Markets Inc., Citibank, N.A., BMO Capital Markets Corp., Bank of Montreal, SunTrust Robinson Humphrey, Inc. and SunTrust Bank (collectively, "<u>Defendants</u>" and together with Plaintiff, the "<u>Parties</u>"[1]) in connection with the above-captioned action (the "Action").

**<u>RECITALS</u>**

WHEREAS, Marc S. Kirschner, as the trustee of a litigation trust named the Millennium Corporate Claim Trust (the "<s>Corporate Trust</s>"), is the plaintiff in litigation against

---
[1] Each of the Parties is a "<u>Party</u>."

some of the same Defendants herein and/or their affiliates in Delaware Bankruptcy Court, entitled *Kirschner v. J.P. Morgan Chase, N.A. et al.,* Adv. Pro. No. 17-51840 (LSS) (Del. Bankr.) (the "Delaware Action");

WHEREAS, the Delaware Action and this Action share common facts and, accordingly, counsel for the parties in both matters have agreed that production of documents in the Delaware Action should be available for use by the parties in this Action to the extent permitted by the SDNY Local Rules and Federal Rules of Evidence;

WHEREAS, the defendants in the Delaware Action have served discovery requests upon plaintiff therein, documents responsive to which include communications and other writings that said plaintiff contends are subject to the attorney-client privilege, the work product doctrine, the common interest privilege and/or similar privileges (collectively, "Privilege");

WHEREAS, pursuant to Federal Rule of Evidence 502, counsel to the parties in the Delaware Action have entered into, and the Delaware Bankruptcy Court has so-ordered, a "Joint Stipulation And Order Regarding Non-Waiver Of Privilege" (the "Delaware FRE 502 Stipulation and Order") that expressly provides for non-waiver of any Privilege in the Delaware Action or in any other federal or state court proceeding that the Corporate Trust may have as to "Stipulated Documents," defined therein – and for purposes of this Action – as responsive documents for which the Corporate Trust is the sole holder of a Privilege, *i.e.* documents that are not also subject to a common interest privilege held by the Corporate Trust with non-parties to the Delaware Action or to this Action;

WHEREAS, Stipulated Documents also includes documents responsive to Defendants' requests for production in this Action for which the Corporate Trust is the sole holder of a Privilege;

2

WHEREAS, the Delaware FRE 502 Stipulation and Order expressly provides that the parties to this Action will seek "entry of a similar stipulation and order" under which Plaintiff (who is entitled under applicable trust agreements to access documents over which the Corporate Trust holds a Privilege for purposes of prosecuting claims held by the Millennium Lender Claim Trust) will produce the same Stipulated Documents for purposes of this Action without waiver of any such Privilege herein or in any other federal or state court proceeding;

WHEREAS, Defendants intend to serve upon Plaintiff in this Action discovery requests, documents responsive to which include communications and other writings that may be subject to Privilege;

WHEREAS, the entry of this Stipulation and Order by the Court will facilitate the resolution of a potential Privilege dispute in this Action and otherwise promote judicial economy;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties and ORDERED by the Court:

1. Plaintiff agrees not to assert any privileges or protections applicable to the Stipulated Documents for purposes of this Action.

2. Plaintiff agrees not to assert any privileges or protections over testimony or information related to the topics in the Stipulated Documents for purposes of this Action.

3. Pursuant to Federal Rule of Evidence 502(d), neither Plaintiff's withdrawal or non-assertion of any Privilege claim in this Action nor its production of the Stipulated Documents to Defendants in this Action, nor testimony regarding the Stipulated Documents, is (a) a waiver of Privilege in this Action as to any document, or (b) a waiver of Privilege in any other federal or state court action, arbitration or other proceeding, including but not limited to the Delaware Action.

4. Except as otherwise provided herein concerning the Stipulated Documents and related testimony and information, nothing in this Stipulation and Order shall require Plaintiff to produce to Defendants any other documents or information, or to give any testimony as to any other topics, nor shall anything herein prevent Plaintiff from withholding any document, information, or testimony to which Plaintiff in good faith asserts a claim of Privilege. Without limitation of the foregoing, nothing herein or in Plaintiff's document productions pursuant to this Stipulation and Order may be used in this Action or in any other proceeding to argue that Privilege has been waived by Plaintiff in regard to any other document withheld by Plaintiff based on Privilege.

5. Nothing contained herein is intended to or shall serve to limit a Party's right to challenge any other Party's assertion of Privilege or to contest such challenge.

6. Stipulated Documents produced by Plaintiff pursuant to this Stipulation and Order, and deposition testimony or other information related thereto, intended to be submitted to the Court by any Party in any motion, application, or proceeding that may result in an order and/or decision of the Court shall be submitted in the same manner as a "Confidential Court Submission" pursuant to the model Stipulated Confidentiality Agreement and Protective Order (the "Model Protective Order") contained in the Individual Rules of Practice of the Hon. Paul G. Gardephe for Civil Cases (the "Gardephe Civil Rules"). The sealing request associated with said Confidential Court Submission under Paragraph 9 of the Model Order and Paragraph II of the Gardephe Civil Rules shall be satisfied by a letter indicating which redactions in the publicly-filed version of the document in question contain or refer to Stipulated Documents. Defendants shall meet and confer with Plaintiff prior to the submission to the Court if Defendants are unable to discern on their own whether the discovery material in question includes Stipulated Documents, testimony or

information subject to Privilege. Disputes as to whether filings containing such discovery material shall be submitted to the Court in the same manner as a "Confidential Court Submission" shall be resolved in accordance with the procedures of Paragraph 12 of the Model Protective Order and Paragraph IV.E of the Gardephe Civil Rules with the exception that the determinative factor shall be based on whether the discovery material contains indicia of Privilege rather than confidentiality alone.

7. Plaintiff shall be deemed to have made his production of the Stipulated Documents previously produced in the Delaware Action subject to this Stipulation and Order within three (3) business days of the Court's entry of this Order. Plaintiff shall produce any additional Stipulated Documents responsive to Defendants' discovery requests in this Action consistent with the discovery schedule set forth by the Court in the Case Management Plan entered on February 20, 2020. To the extent that, subsequent to Plaintiff's production of such Stipulated Documents, Plaintiff identifies any additional document(s) for which it decides to withdraw a Privilege claim and/or produce the document(s) to Defendants, the provisions of this Stipulation and Order will apply to such production(s) as well.

8. Nothing contained herein is intended, or shall serve to, affect any Party's right to object to the admissibility of any documents produced in this Action.

9. Nothing contained herein is intended, or shall serve, to limit a Party's right to conduct a review of its own documents, electronically stored information or other information for relevance, responsiveness, or Privilege before production.

IT IS SO STIPULATED this 23 day of March 2020:

| | |
|---|---|
| /s/ Lyndon M. Tretter<br>David H. Wollmuth<br>Lyndon M. Tretter<br>Jeffrey Coviello<br>WOLLMUTH MAHER & DEUTSCH LLP<br>500 Fifth Avenue, 12th Floor<br>New York, New York 10110<br>Tel: (212) 382-3300<br>Fax: (212) 382-0050<br>Email: dwollmuth@wmd-law.com<br>ltretter@wmd-law.com<br>jcoviello@wmd-law.com<br><br>*Attorneys for Plaintiff Marc S. Kirschner, solely in his capacity as Trustee of the Millennium Lender Claim Trust* | /s/ Christopher M. Viapiano (with permission)<br>Christopher Michael Viapiano<br>Elizabeth A. Cassady<br>SULLIVAN & CROMWELL LLP<br>1700 New York Avenue, N.W., Suite 700<br>Washington, D.C. 20006-5215<br>Tel: (202) 956-7500<br>Fax: (202) 293-6330<br>Email: viapianoc@sullcrom.com<br>cassadye@sullcrom.com<br><br>-and-<br>Ann-Elizabeth Ostrager<br>Mark A. Popovsky<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004-2498<br>Tel: (212) 558-4000<br>Fax: (212) 558-3588<br>Email: ostragerae@sullcrom.com<br>popovskym@sullcrom.com<br><br>*Attorneys for JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC* |
| /s/ Lara Samet Buchwald (with permission)<br>Benjamin S. Kaminetzky<br>Lara Samet Buchwald<br>Tina Hwa Joe<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br><br>Tel: (212) 450-4000<br>Fax: (212) 701-5351<br>Email: ben.kaminetzky@davispolk.com<br>lara.buchwald@davispolk.com<br>tina.joe@davispolk.com<br><br>*Attorneys for Citibank, N.A. and Citigroup Global Markets Inc.* | /s/ David B. Schwartz (with permission)<br>Steve M. Dollar<br>David B. Schwartz<br>Norton Rose Fulbright US LLP<br>1301 Avenue of the Americas<br>New York, New York 10019-6022<br>Tel: (212) 318-3000<br>Fax: (212) 318-3400<br>Email: steve.dollar@nortonrosefulbright.com<br>david.schwartz@nortonrosefulbright.com<br><br>*Attorneys for Bank of Montreal and BMO Capital Markets Corp.* |

/s/ Paige Nobles (with permission)
King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036
Tel:     (212) 556-2191
Fax:     (212) 556-2222
Email: jemurphy@kslaw.com
            -and-
John C. Toro (admitted pro hac vice)
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30033
Tel:     (404) 572-2806
Fax:     (404) 572-5100
Email: jtoro@kslaw.com

*Attorneys for SunTrust Bank and
SunTrust Robinson Humphrey, Inc.*

SO ORDERED.

Dated:  March 24, 2020

_____
SARAH L. CAVE
United States Magistrate Judge