# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

April 3, 2020

Via ECF

Hon. Sarah L. Cave,
   United States Magistrate Judge,
     Daniel Patrick Moynihan United States Courthouse,
      500 Pearl Street,
       New York, New York 10007.

     Re:     <u>Kirschner</u> v. <u>JPMorgan Chase Bank, N.A.</u>, No. 17-cv-6334 (PGG) (SLC)

Dear Judge Cave:

     I am counsel for JPMorgan in the above-referenced matter and write on behalf of all defendants in response to plaintiff's April 2, 2020 letter, which states that plaintiff intends to "move to amend the complaint on or before April 15, 2020 to include fraud-based claims." (Dkt. 110.)

     As plaintiff's counsel explained at the February 20, 2020 case-management conference, plaintiff believes that he needs to seek leave to amend now "for the purposes of tolling the statute of limitation" under New York law. (Dkt. 102, Tr. at 7:6–13.) Although plaintiff has stated that he believes his new claims, which stem from the same underlying transaction at issue in the operative complaint, would relate back to the filing of the original complaint in this case, he contends that an amendment is nevertheless appropriate to avoid any later dispute between the parties on the issue of limitations. In an effort to address plaintiff's concern and avoid burdening the Court with unnecessary motion practice, defendants offered to confirm in writing that they would not challenge plaintiff's proposed amendments on the basis that they do not relate back to the claims made in the original pleading under Federal Rule of Civil Procedure 15(c). Such a confirmation would be sufficient to avoid the concern plaintiff articulated at the conference, but plaintiff rejected that simple solution.

     In light of defendants' offer, there is no need for plaintiff to seek leave to amend at this time, and doing so would impose unnecessary burdens on the Court and the parties. Defendants' motion to dismiss the operative complaint has been fully briefed and pending before Judge Gardephe since June 28, 2019; a ruling on that motion could significantly narrow or dismiss entirely the claims against defendants. It would be a waste of the Court's

Hon. Sarah L. Cave                                                                                                                -2-

and the parties' resources if the parties were forced to file additional briefing on issues that may be resolved once the Court rules on the pending motion—particularly when plaintiff's stated reason for seeking to amend now would be addressed by defendants' proposed confirmation regarding relation back.

   Defendants submit that, in light of the fully briefed and case dispositive motion currently pending before Judge Gardephe, any motion for leave to amend can and should be made to him once the pending motion to dismiss is decided (to the extent not barred by his decision on the motion to dismiss)—which is consistent with plaintiff's request in his opposition brief thereto for leave to amend "[i]f the Motion is granted to any extent." (Dkt. 81 at 40 n.41.)  If, however, Your Honor or Judge Gardephe intends to consider plaintiff's request for leave at this time, defendants respectfully request an opportunity to submit a pre-motion letter in the ordinary course explaining why we believe leave should not be granted.

                                Respectfully submitted,

                                /s/ Christopher M. Viapiano

cc: *All counsel* (via ECF)