UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARC S. KIRSCHNER solely in his capacity as TRUSTEE of THE MILLENNIUM LENDER CLAIM TRUST,

       Plaintiff,

- against -

JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CITIBANK, N.A., BMO CAPITAL MARKETS CORP., BANK OF MONTREAL, SUNTRUST ROBINSON HUMPHREY, INC., and SUNTRUST BANK,

       Defendants.

No. 17-cv-06334 (PGG) (SLC)

---

### DECLARATION OF LYNDON M. TRETTER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

I, LYNDON M. TRETTER, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner in the law firm of Wollmuth Maher & Deutsch LLP, counsel for Plaintiff Marc S. Kirschner, solely in his capacity as Trustee of the Millennium Lender Claim Trust. I make this Declaration in support of the Trustee's motion for leave to file an amended complaint (the "Motion").

2. Annexed hereto as **Exhibit A** is a true and correct copy of the proposed Amended Complaint.

3. Annexed hereto as **Exhibit B** is a "redline copy" showing the changes between the original Complaint and the proposed Amended Complaint.

4. The proposed Amended Complaint adds two fraud-based causes of action for fraudulent misrepresentation and fraud (new Eighth Cause of Action) and for conspiracy to defraud

(new Ninth Cause of Action). The only other changes to the Complaint are to conform the former state court pleading to the federal caption and federal practice for jury demands (the latter of which is already reflected in Paragraph 13.d of the Case Management Order), and to correct typographical errors and other immaterial issues.

5.  As reflected in Paragraphs 8 and 11 of the Case Management Order, "Plaintiff may seek leave to file an amended pleading" "[i]n the event that the motion to dismiss remains unresolved as of March 28, 2020." ECF 98 at 9-10.

6.  Plaintiff is making this Motion now, rather than awaiting the Court's decision on Defendants' motion to dismiss, because discovery in this action has commenced in the last few weeks and Plaintiff wishes to avoid any statute of limitations, laches, or prejudice arguments that Defendants might raise if Plaintiff waited.

7.  Prior to making the instant Motion, on March 25, 2020, I provided Defendants' counsel with the redlined copy of the proposed Amended Complaint in the hope of avoiding motion practice over adding the fraud-based claims. Defendants' counsel offered to agree informally that the fraud claims would "relate back" to the original Complaint for statute of limitations purposes, but made clear that Defendants wished to preserve laches, prejudice, and any other potential defenses to any motion to add such claims.

8.  Annexed hereto as **Exhibit C** is a true and correct copy of Plaintiff's April 2, 2020 letter to this Court regarding the Motion and explaining why Plaintiff believes that no pre-motion conference was warranted.

9.  Annexed hereto as **Exhibit D** is a true and correct copy of Defendants' April 3, 2020 letter to the Court responding to Plaintiff's April 2, 2020 letter.

10. Annexed hereto as **Exhibit E** is a true and correct copy of Plaintiff's April 3, 2020 letter to the Court addressing Defendants' April 3, 2020 letter and further setting forth the reasons Plaintiff is bringing the Motion at this time.

11. Annexed hereto as **Exhibit F** is a true and correct copy of the Delaware Bankruptcy Court's opinion in *Kirschner v. J.P. Morgan Chase Bank, N.A., et al.*, Adv. Pro. No. 17-51840 (LSS), Adv. D.I. 52, denying defendants' motion to dismiss, dated February 28, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:  April 8, 2020

_____
Lyndon M. Tretter