UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARC S. KIRSCHNER, solely in his capacity as TRUSTEE OF THE MILLENNIUM LENDER CLAIM TRUST,

           Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., J.P. MORGAN SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC., CITIBANK, N.A., BMO CAPITAL MARKETS CORP., BANK OF MONTREAL, SUNTRUST ROBINSON HUMPHREY, INC., and SUNTRUST BANK,

           Defendants.

No. 17 Civ. 6334 (PGG) (SLC)

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..............................................................................................................................2

ARGUMENT ....................................................................................................................................4

I.      PLAINTIFF'S MOTION SHOULD BE DENIED ...........................................................5

          A.      Plaintiff's Motion Fails to Explain His Years-Long Delay .....................5

          B.      Plaintiff's Amendment Would Prejudice Defendants...............................6

          C.      Plaintiff's Proposed Amendment Is Futile and Would Not Survive a Motion to Dismiss..................................................................................7

II.     IN THE ALTERNATIVE, THE MOTION SHOULD BE CONSIDERED WITH OR AFTER THE DEFENDANTS' FULLY BRIEFED MOTION TO DISMISS .............9

CONCLUSION..................................................................................................................................9

i

Defendants JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, Citigroup Global Markets Inc., Citibank, N.A., BMO Capital Markets Corp., Bank of Montreal, SunTrust Robinson Humphrey, Inc., and SunTrust Bank (together, the "Defendants") respectfully submit this Memorandum of Law in opposition to the motion for leave to file an amended complaint by Plaintiff Marc S. Kirschner solely in his capacity as Trustee of the Millennium Lender Claim Trust ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff cannot adequately substantiate why a motion to amend should be permitted at this stage of the litigation, while a case-dispositive motion to dismiss is pending and has been for almost a year. Any amendment is unduly delayed, prejudicial, and futile, and should not be a platform for Plaintiff to try to bolster an otherwise inadequate response to the pending motion to dismiss. Moreover, demonstrating disregard for party and judicial resources, Plaintiff filed a letter seeking guidance from the Court on how to proceed on his motion to amend—but instead of awaiting a response from the Court on the parties' submissions, Plaintiff engaged in self-help and filed his motion before the Court could respond.

Plaintiff is not writing on a blank slate. His motion comes six years after the underlying loan at issue; more than three years after he received voluminous Bankruptcy Rule 2004 discovery from Defendants and other parties; nearly three years since the filing of his complaint; and nearly a year after Defendants filed their motion to dismiss that could foreclose Plaintiff's proposed amendment entirely or substantially narrow the issues to be decided. Plaintiff has no explanation whatsoever for why it took so long for him to concoct these new legal claims; indeed, the proposed amendment includes no new factual allegations, but rather only conclusory claims of alleged fraud. Plaintiff also has no explanation for why Defendants' simple proposal to

address his stated statute of limitations concern—which would have saved party and judicial resources—was unacceptable to him.  Given Plaintiff's dilatory conduct, and the prejudice that Defendants would suffer if Plaintiff were granted leave to amend while their motion to dismiss is pending, the Court should deny Plaintiff's motion.

In all events, leave to amend should be denied as futile.  Largely for the reasons stated in Defendants' motion to dismiss, Plaintiff's new claims fail to state a claim as a matter of law.  Plaintiff's amendment should not be permitted.

## BACKGROUND

The underlying allegations in this case relate to a syndicated bank loan to Millennium Laboratories LLC ("Millennium") dated April 16, 2014 (the "Term Loan").  Millennium subsequently filed for bankruptcy on November 10, 2015.

This case was filed on August 1, 2017.[1]  Beginning almost immediately thereafter, Defendants previewed multiple times their anticipated arguments on a motion to dismiss, including in their opposition to Plaintiff's motion to remand the case to state court (Dkt. 27 (Defs.' Opp. to Mot. to Remand) at 5 n.2), in their pre-motion letter providing a detailed description of their anticipated motion to dismiss (Dkt. 43 (Defs.' Pre-Mot. Letter)), and before the Court at a Rule 16 conference, during which the anticipated motion to dismiss was debated at length (*see generally* Dkt. 57 (Hr'g Tr.)).  At no time during this period did the Plaintiff raise the possibility of amending his complaint.

---

[1] Plaintiff filed a second action against certain of the Defendants in Delaware.  *Kirschner v. J.P. Morgan Chase Bank, N.A., et al.*, Adv. Pro. No. 17-51840 (LSS) (Bankr. D. Del.) (the "Delaware Action").  Discovery has been coordinated between the two actions and the Defendants collectively produced more than 540,000 pages of documents to Plaintiff between July and November 2019.

On April 12, 2019, Defendants served their motion to dismiss. (Dkt. 76 (Defs.' Mot. to Dismiss).) Rather than seek leave to amend his complaint, on May 31, 2019, Plaintiff served his opposition to the motion to dismiss. (Dkt. 81 (Pl.'s Opp. to Mot. to Dismiss).) In an attempt to have it both ways, Plaintiff acknowledged in his opposition potential deficiencies in his negligent misrepresentation claim that he suggested he might attempt to cure through an amendment. (*Id.* at 30 n.25; *see also id.* at 40 n.41.)

During a January 27, 2020 meet-and-confer—more than six months after the motion to dismiss was fully briefed—Plaintiff's counsel stated to Defendants' counsel that he was concerned about the upcoming expiration of the six-year statute of limitations on fraud claims. Indeed, in the ensuing proposed case management plan submitted to Judge Cave, Plaintiff wrote that he "intends to move to amend the Complaint," and that he "may"—as in "might"—"seek leave to file an amended pleading." (Dkt. 97 (Rule 26(f) Report) ¶¶ 8, 11.) At the case management conference, Plaintiff's counsel again stated that he intended to move "at least for the purposes of tolling the statute of limitations to bring in fraud claims, common law fraud claims, as well." (Dkt. 102 (Hr'g Tr.) at 7:11-13.)

In a subsequent meet-and-confer, Defendants offered that they would not challenge Plaintiff's proposed amendment on the basis that the amendment did not relate back to the original complaint. (*See* Dkt. 111 (Defs.' Letter to Court).) On April 1, 2020, Plaintiff asked Defendants instead to stipulate that they would "waive any statute or period of limitations, statute of repose, or other time-based limitations or defenses or objections, under any jurisdiction, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches, waiver, or estoppel), which might be asserted as a defense, time bar and/or limitation" to the two new claims—which would have required Defendants to

3

disclaim even those "time-based" arguments that would apply should the new claims be deemed filed as of the date of the original complaint. (Dkt. 116-5 (Tretter Decl. Ex. E) at 4.) Defendants declined to enter into such an unnecessarily broad waiver of their rights. (*See* Dkt. 113 (Defs.' Letter to Court).)

On April 2, 2020, Plaintiff filed a letter asking Judge Cave for "confirmation that Plaintiff need not apply for a pre-motion conference prior to making his motion to amend," noting a conflict on this issue as between Judge Gardephe's and Judge Cave's individual rules. (Dkt. 110 (Pl.'s Letter to Court).) Defendants filed and served a letter response the following day, explaining their position that the motion was improper in light of, among other things, their relation-back offer and the pending motion to dismiss. (Dkt. 111 (Defs.' Letter to Court); *see also* Dkt. 113 (Defs.' Letter to Court).) On April 8, 2020, without waiting for an answer from the Court on the rules, Plaintiff filed this motion. (Dkt. 114 (Pl.'s Mot. to Amend).)

## ARGUMENT

While "Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (internal quotation marks omitted). Indeed, a motion for leave to amend ought to be denied where the party seeking to amend has unduly delayed; the party seeking to amend is acting with a dilatory motive; the proposed amendment would cause undue prejudice to the opposing party; or the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff's motion to amend should be denied because Plaintiff acted with undue delay in seeking leave to amend; granting Plaintiff leave to amend while Defendants' motion to dismiss is pending would prejudice Defendants; and Plaintiff's new claims suffer from the same deficiencies as his other claims sounding in fraud, and therefore amendment would be futile.

I.     **PLAINTIFF'S MOTION SHOULD BE DENIED**

   A.     **Plaintiff's Motion Fails to Explain His Years-Long Delay**

"The burden to explain a delay is on the party that seeks leave to amend." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998).  Courts routinely deny motions for leave to amend for unexplained delays of fewer than three years between the filing of the complaint and the motion for leave to amend.  *See, e.g.*, *McCulloch v. Town of Milan*, 2009 WL 3326638, at *2 (S.D.N.Y. Oct. 15, 2009) (denying leave to amend after 22 months of unexplained delay); *Kelly v. Wright Med. Tech., Inc.*, 2002 WL 31151341, at *1 (S.D.N.Y. July 30, 2002) (denying leave to amend after 1.5 years of unexplained delay).

Plaintiff fails to offer any explanation for his undue delay of nearly three years between the filing of the complaint and his motion for leave to amend (and six years from the loan).  In his motion, Plaintiff points toward *future* discovery dates in this Action (Dkt. No. 115 (Pl.'s Mem. of Law on Mot. to Amend) at 6), which in no way carries his burden of explaining his *past* inaction on the new claims he seeks to assert.  And an upcoming expiration of a six-year statute of limitations hardly serves to provide good cause for Plaintiff's *delay* until the eve of that deadline to seek to add new claims.

Indeed, Plaintiff does not assert a single new factual allegation in his proposed amendment—despite the fact that he received substantial Bankruptcy Rule 2004 discovery from Defendants more than three years ago and an additional 540,000 pages of documents in the related Delaware Action beginning nearly a year ago—which only underscores his silence on the

5

failure to assert these claims sooner. *See Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 162 (S.D.N.Y. 2005) ("[L]eave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading." (internal quotation marks omitted)). This failure is enough to deny the motion outright.

### B. Plaintiff's Amendment Would Prejudice Defendants

"Leave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss . . . particularly when the new claim could have been raised earlier." *Lyndon-Citgo Refining, LP. v. Petroleos de Venezuela, S.A.*, 2004 WL 2650884, at *1 (S.D.N.Y. Nov. 22, 2004) (internal quotation marks omitted); *see also Farricker v. Penson Dev., Inc.*, 513 F. App'x 46, 48 (2d Cir. 2013) (affirming denial of leave to amend where amendment came nine months after filing of motion to dismiss, and plaintiff could have brought the claim in his original pleading); *Bay Harbour Mgmt, LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007) (holding that new allegations were prejudicial where defendants' motion to dismiss was fully briefed and set for argument). That is true here, where a fully briefed motion to dismiss is pending before the Court.

Furthermore, "[t]he concepts of delay and undue prejudice are interrelated—the longer the period of unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice." *Davidowitz v. Patridge*, 2010 WL 1779279, at *2 (S.D.N.Y. Apr. 23, 2010) (citing *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)); *see also Kelly*, 2002 WL 31151341, at *1 (where there has been undue delay, even "limited prejudice to the defendant is sufficient to warrant denial of the motion").

Here, however, there is both delay and prejudice. Plaintiff has had numerous opportunities to seek leave to amend his complaint earlier—for example, upon reading

Defendants' opposition to the motion to remand in which they previewed their anticipated motion to dismiss; upon reading Defendants' pre-motion letter; following the Rule 16 conference before the Court; and upon the filing of Defendants' motion to dismiss. Instead, Plaintiff waited until ten months *after* the motion to dismiss was fully briefed, and *after* he had his chance to file an opposition to that motion. And he did so even though Defendants offered to enter into a formal agreement on relation-back, which would have cured his stated statute of limitations concern, as he represented to the Court. (Dkt. 102 (Hr'g Tr.) at 7:10-13.) Plaintiff's motion to amend attempts a prejudicial end-run around the orderly case management process contemplated by the Federal and Local Rules, and is particularly ill-timed given the expenditure of party and judicial resources on the pending motion to dismiss that could substantially narrow or resolve entirely the claims at issue.

### C. Plaintiff's Proposed Amendment Is Futile and Would Not Survive a Motion to Dismiss

Plaintiff's motion for leave to amend suffers from the additional flaw that the proposed amendment is insufficiently pled, and, therefore, futile. *Kirk v. Heppt*, 423 F. Supp. 2d 147, 149 (S.D.N.Y. 2006) ("It is well established that leave to amend a complaint need not be granted when amendment would be futile." (quoting *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003))). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente*, 310 F.3d at 258.

Plaintiff seeks to add two new claims—"fraudulent misrepresentation and fraud" and "conspiracy to defraud"—without any new factual allegations (despite receiving more than a half million pages of documents in the Delaware Action). Having pleaded no new facts, these claims suffer from the same pleading deficiencies as Plaintiff's other claims sounding in fraud, as described in Defendants' motion to dismiss:

7

- Plaintiff impermissibly alleges fraud by hindsight; "allegations that defendants should have anticipated future events and made certain disclosures earlier than they actually did do not suffice to make out a claim of . . . fraud." (Dkt. 77 (Defs.' Mem. of Law on Mot. to Dismiss) at 18-20 (quoting *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000))); *see also Special Situations Fund III QP, LP v. Deloitte Touche Tohmatsu CPA, Ltd.*, 96 F. Supp. 3d 325, 344 (S.D.N.Y. 2015) (denying motion to add allegations pleading fraud by hindsight, which were insufficient to allege scienter for securities fraud and common-law fraud claims).

- Plaintiff has not adequately alleged Defendants' scienter, an element required by both new claims. (Dkt. 77 (Defs.' Mem. of Law on Mot. to Dismiss) at 19); *see First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.*, 52 F. Supp. 3d 625, 637 (S.D.N.Y. 2014) (elements of fraudulent misrepresentation include defendants' knowledge that the statement or omission is false and intention to induce reliance); *Brady v. Assoc. Press Telecom*, 2016 WL 11272153, at *3 (S.D.N.Y. Oct. 4, 2016) (elements of conspiracy to defraud include the elements of fraud).

- Plaintiff fails to plead his fraud claims against each Defendant with sufficient particularity as required under Federal Rules of Civil Procedure 8(a) and 9(b). (Dkt. 77 (Defs.' Mem. of Law on Mot. to Dismiss) at 10-11, 29-31; Dkt. 80 (BMO and SunTrust Defs.' Mem. of Law on Mot. to Dismiss) at 7-8; Dkt. 83 (Defs.' Reply on Mot. to Dismiss) at 14-15.)

These new claims would not survive a motion to dismiss and are therefore futile.

The Delaware bankruptcy court's ruling, in which the allegations of the Plaintiff (acting as trustee of a different trust) survived a motion to dismiss, is inapposite. There, the Plaintiff asserted fraudulent transfer claims, which rest on the intent and behavior of the *debtor* (i.e., Millennium), not that of the *Defendants*. *In re Millennium Lab Holdings II, LLC*, 2019 WL 1005657, at *2 (Bankr. D. Del. Feb. 28, 2019) (reasoning in companion case that for purposes of an actual fraudulent transfer claim, the "[i]ntent of the transferor and not the transferee is what has to be established."). Accordingly, the bankruptcy court's ruling has no bearing on whether the factual allegations can support Plaintiff's new claims, which assert (insufficiently) that *Defendants* intended to defraud the loan syndicate.

8

Apart from the inapposite Delaware ruling, Plaintiff makes no effort to explain why his amendment is sufficient here. Accordingly, Plaintiff's motion for leave to amend should be denied.

## II. IN THE ALTERNATIVE, THE MOTION SHOULD BE CONSIDERED WITH OR AFTER THE DEFENDANTS' FULLY BRIEFED MOTION TO DISMISS

For the above reasons, Plaintiff's motion should be denied outright. In the alternative, the Court should hold the motion in abeyance and only consider it in tandem with, or after a decision on, the Defendants' pending motion to dismiss. Given that a decision on the fully briefed, case-dispositive motion could significantly narrow or dismiss the case entirely, it would be a waste of party and judicial resources to have briefing and argument on the proposed amendment in advance of that decision.[2]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for leave to amend. To allow Plaintiff to amend his complaint when it suits him—regardless of unexplained delay and prejudice to Defendants, in the face of the futility of the amendment, and resulting in the waste of party and judicial resources—would extend this meritless case indefinitely. In the alternative, the Court should hold the motion in abeyance and only consider it in tandem with, or after a decision on, Defendants' pending motion to dismiss.

---

[2] Defendants reserve all rights to challenge Plaintiff's request for a jury trial, which is squarely foreclosed by the governing agreements. (Dkt. 76-1 § 10.16.)

| | |
|---|---|
| Dated: April 22, 2020<br>New York, NY | Respectfully submitted,<br><br>/s/ Lara Samet Buchwald<br>Benjamin S. Kaminetzky<br>Lara Samet Buchwald<br>Tina Hwa Joe<br>DAVIS POLK & WARDWELL LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>(212) 450-4000<br>ben.kaminetzky@davispolk.com<br>lara.buchwald@davispolk.com<br>tina.joe@davispolk.com<br><br>*Counsel to Citigroup Global Markets Inc. and Citibank, N.A.*<br><br>/s/ Christopher M. Viapiano<br>Christopher M. Viapiano<br>Elizabeth A. Cassady<br>SULLIVAN & CROMWELL LLP<br>1700 New York Avenue, N.W., Suite 700<br>Washington, D.C. 20006<br>(202) 956-7500<br>viapianoc@sullcrom.com<br>cassadye@sullcrom.com<br><br>Ann-Elizabeth Ostrager<br>Mark A. Popovsky<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004<br>(212) 558-4000<br>ostragerae@sullcrom.com<br>popovskym@sullcrom.com<br><br>*Attorneys for Defendants JPMorgan Chase Bank, N.A. and J.P. Morgan Securities LLC* |

10

/s/ Steve M. Dollar
Steve M. Dollar
David B. Schwartz
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
(212) 318-3000
steve.dollar@nortonrosefullbright.com
david.schwartz@nortonrosefullbright.com

*Counsel to BMO Capital Markets Corp. and Bank of Montreal*

/s/ John C. Toro
J. Emmett Murphy
John C. Toro
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY  10036
(212) 556-2100
jemurphy@kslaw.com
jtoro@kslaw.com

*Counsel to SunTrust Robinson Humphrey, Inc. and SunTrust Bank*