UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC S. KIRSCHNER, as TRUSTEE of THE
MILLENNIUM LENDER CLAIM TRUST,

                Plaintiff,

- v -

J.P. MORGAN CHASE BANK, N.A., J.P. MORGAN
SECURITIES LLC, CITIGROUP GLOBAL MARKETS INC.,
CITIBANK, N.A., BMO CAPITAL MARKETS CORP.,
BANK OF MONTREAL, SUNTRUST ROBINSON
HUMPHREY, INC., and SUNTRUST BANK,

                Defendants.

CIVIL ACTION NO.: 17 Civ. 6334 (PGG) (SLC)

**ORDER GRANTING STAY OF DISCOVERY PENDING RULING ON MOTION FOR LEAVE TO AMEND**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the question whether fact discovery should proceed pending the Court's ruling on Plaintiff's Motion for Leave to file an amended complaint (the "Motion for Leave") (ECF No. 132).[1]

On August 10, 2020, the parties submitted a joint letter outlining their respective positions on this question. (ECF No. 147). Plaintiff argues that discovery should proceed in tandem with related actions in Delaware and California in order to preserve the parties' resources and to promote judicial economy. (Id. at 1–2). Defendants argue that discovery should be stayed because there is no operative complaint on which to frame discovery. (Id. at 3–4). The Court construes Defendants' position as a motion to stay discovery during the pendency of the Motion for Leave (the "Motion to Stay"). For the reasons set forth below, the Motion to Stay is GRANTED.

---

[1] The Motion for Leave has been referred to the undersigned for a Report and Recommendation. (ECF No. 147).

I. **Background**

Plaintiff is the trustee of a post-bankruptcy litigation trust, the beneficiaries of which purchased from Defendants debt instruments of a drug-testing company, Millennium Laboratories LLC, that were issued as part of an April 2014 $1.775 billion syndicated leveraged loan transaction.  (ECF No. 94 at 1; see ECF No. 38 at 1–2).  In November 2015, 19 months after the transaction closed, Millennium filed a bankruptcy petition in the Bankruptcy Court for the District of Delaware (the "Delaware Action").  (ECF No. 38 at 2).  The ensuing bankruptcy plan created the trust on whose behalf Plaintiff brings claims against Defendants.  (Id.)

In the Delaware Action, the trust is suing on behalf of Millennium to recover as fraudulent conveyances $35 million in fees the Defendants (or their affiliates) received for underwriting the transaction.  (ECF No. 94 at 1–2).

On August 1, 2017, Plaintiff filed in New York State Supreme Court a complaint alleging violations of several states' blue-sky securities laws, as well as claims for negligent misrepresentation, breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing.  (ECF No. 38 at 1).  On August 21, 2017, Defendants removed the action to this Court, asserting as a basis for federal jurisdiction the Edge Act, 12 U.S.C. § 632.  (ECF No. 1).  On September 24, 2018, the District Court denied Plaintiff's motion to remand the action to New York State Supreme Court.  (ECF No. 38).

On August 6, 2018 Plaintiff filed an action in California state court against Millennium's former auditors, KPMG LLP, for negligent and fraudulent misrepresentations in audit reports provided to the lenders in connection with the disputed transaction.  Kirschner v. KPMG LLP, Case No. BC716022 (Cal. Superior, L.A. Co., filed Aug. 6, 2018) (the "California Action").

On April 4, 2019, the District Court held a preliminary conference to discuss a briefing schedule for Defendants' anticipated motions to dismiss and coordination of discovery with the Delaware Action. (ECF No. 57). Following the conference, although a formal discovery schedule was not entered, Defendants agreed that documents produced in the Delaware Action should also be produced in this action, and to date, have produced to Plaintiff over 87,000 documents from 35 custodians. (ECF No. 94 at 3). Pursuant to Bankruptcy Rule 2004, Plaintiff also received pre-complaint discovery that has been deemed to have been produced in this action. (Id.)

On January 10, 2020, this Court held a telephone conference with the parties regarding their respective positions on the continuation of discovery pending Defendants' motion to dismiss the complaint (the "Complaint"). (See ECF No. 95). On January 15, 2020, the Court denied Defendants' request to stay discovery (ECF No. 96), and thereafter conducted a case management conference and set a discovery schedule. (ECF Nos. 98–99).

On May 22, 2020, Judge Gardephe granted Defendants' motion to dismiss the Complaint in its entirety. (ECF No. 119). In the same decision, Judge Gardephe denied Plaintiff's first motion for leave to amend (ECF No. 114), because the proposed amended complaint at that time included claims that had been dismissed (ECF No. 116-1). Plaintiff was granted until June 5, 2020 to file the subsequent Motion for Leave to file the Proposed Amended Complaint ("PAC"), which has now been fully briefed. (ECF No. 119 at 36).

II.     **Discussion**

    A.     **Legal Standard**

On a showing of good cause, a district court "has considerable discretion to stay discovery" pursuant to Federal Rule of Civil Procedure 26(c). Shulman v. Becker & Poliakoff, LLP,

No. 17 Civ. 9330 (VM) (JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018); Rep. of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); In re: Platinum & Palladium Commodities Litig., No. 10 Civ. 3617 (WHP), 2010 WL 11578945, at *1 (S.D.N.Y. Nov. 30, 2010). Pursuant to this discretion, District Courts may "stay discovery when resolution of a preliminary matter may dispose of the entire case." Thrower v. Pozzi, No. 99 CIV. 5871 (GBD), 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002).

### B.  Application

Plaintiff argues that document discovery should proceed in coordination with the Delaware Action and the California Action, but proposes that depositions be stayed in all three actions pending decision on the Motion for Leave. (ECF No. 147 at 1). Plaintiff notes that this proposal is contingent on three separate courts agreeing to stay depositions, and thus suggests that if depositions continue in the Delaware and California Actions, they proceed in this action. (ECF No. 1). Plaintiff bases this request on the desire to avoid having to re-call non-party witnesses if the Motion for Leave is granted and discovery continues. (Id.) Plaintiff argues that discovery should be governed by the causes of action in the PAC, which Plaintiff argues asserts claims that are so similar to those in the Delaware Action that "engaging in party and non-party document discovery relating to the PAC would be marginal." (Id. at 3).

Defendants respond that there is no need for any discovery, document or depositions, to proceed in this action because there is no operative complaint to frame discovery. (ECF No. 147 at 3–4). Defendants also dispute Plaintiff's characterization of the similarities between this action and the Delaware and California Actions, arguing that the cases are in different jurisdictions,

before different judges, and at different stages of ligation.  (Id. at 5).  Defendants argue that Plaintiffs proposed plan in unworkable and that each action should progress separately.  (Id.)

The Court finds that there is good cause to stay discovery pending a ruling on the Motion for Leave because, at the moment, there is no operative complaint, and the denial of the Motion for Leave would dispose of the entire case.  See Constr. Laborers Pension Tr. for S. California v. CBS Corp., 433 F. Supp. 3d 515, 552 (S.D.N.Y. 2020) (after granting motion to dismiss, staying discovery pending the filing of amended complaint).  Discovery must be grounded in the operative complaint, not on a separate action in another court or a proposed amended complaint.  See Rogen v. Scheer, No. 86 Civ. 2058 (MJL), 1991 WL 33294, at *9 (S.D.N.Y. Feb. 22, 1991) (staying discovery pending plaintiff's re-pleading of certain causes of action because "the appropriateness of the discovery sought must be evaluated in terms of the issues joined by complaint and answer").  Accordingly, the Court finds that good cause exists to stay discovery pending the ruling on the Motion for Leave.

III.    **Conclusion**

For the reasons set forth above, the Motion to Stay is GRANTED and discovery is stayed pending the ruling on the Motion for Leave.

Dated:    New York, New York
          August 12, 2020

SO ORDERED

*Sarah␣Cave*

**SARAH L. CAVE**
**United States Magistrate Judge**

5